UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD ANTHONY THROOP, | ) | NO. CV 07-2432 ABC (SS) |
| | ) | |
|           Petitioner, | ) | **ORDER ACCEPTING FINDINGS,** |
| | ) | |
|     v. | ) | **CONCLUSIONS AND RECOMMENDATIONS OF** |
| | ) | |
| LARRY SCRIBNER, Warden, | ) | **UNITED STATES MAGISTRATE JUDGE** |
| | ) | |
|           Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a <u>de novo</u> determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

The Court notes that Petitioner objects to the Report in part because the Report failed to discuss a supplemental memorandum and declaration, including exhibits, that Petitioner constructively filed on November 15, 2012 in connection with the Traverse. (Obj. at 1-2, citing

Dkt. No. 74). However, these supplemental filings, which the Court considered as part of the Traverse, merely purport to provide additional support for arguments already raised in the Petition and Traverse, which the Report specifically addressed and rejected.

Furthermore, the arguments and "facts" discussed in the supplemental filings are unavailing and largely irrelevant. For example, Petitioner discusses several cases to support his claim that he is entitled to equitable tolling. (Supp. Memo. at 2-3). As the Court has explained, this is not a cognizable ground for habeas relief and is completely irrelevant because the Court rejected the claims in the instant Petition on the merits. (R&R at 12-13). Petitioner also argues at length that he is entitled to an evidentiary hearing. (Supp. Memo. at 3-5). However, the Supreme Court has held that "[i]f a claim has been adjudicated on the merits by a state court," as is the case for all of the claims at issue here, "a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." Cullen v. Pinholster, __U.S. __, 131 S. Ct. 1388, 1400, 179 L. Ed. 2d 557 (2011). Thus, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." Id. Even though Petitioner claims that he was not afforded a "full and fair" opportunity to develop evidence in state court, this Court cannot proceed with an evidentiary hearing to consider new evidence under section 2254(e)(2) because Petitioner has not shown that "the facts underlying [his] claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found

1  [Petitioner] guilty of the underlying offense." 28 U.S.C.
2  § 2254(e)(2)(B); see also Pinholster, 131 S. Ct. at 1401.

4      Petitioner's remaining arguments in the supplemental filings concern his claims that the omission of his fitness hearing transcript from the record on appeal and the introduction at trial of a taped conversation between Petitioner and his mother violated the general rule that juveniles should be accorded special treatment under the law. Petitioner also repeats his argument that his trial was unfair due to Juror Number Seven's potential bias. (Supp. Memo. at 6-16; id., Exh. A, ¶¶ 5-38). The Report and Recommendation considered and rejected these arguments both substantively and because Petitioner could not show prejudice. (R&R at 16-17, 21-32). Finally, Petitioner's efforts to relitigate Claims One through Six, which were adjudicated in a prior Petition, are improper as judgment has already been entered on those claims and Plaintiff's appeal was denied by the Ninth Circuit. (See Supp. Memo. at 9, 13; id., Exh. A, ¶¶ 39, 42 ; see also C.D. Cal. Case No. 05-4312 ABC (SS), Dkt. Nos. 82, 88).

20     Accordingly, **IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

22 \\
23 \\
24 \\
25 \\
26 \\
27 \\

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 4, 2013

_____
AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

4